The opinion of the Court was delivered by
Munro, J.
Where a party to an action, whether occupying the position of plaintiff, or defendant, rests his right to a chattel on a title acquired under the Statute of Limitations, unless the adverse claimant can bring himself within one or other of the exceptions enumerated in the statute, it is too *394 clear for doubt, that in a Court of law such title must prevail. The equity doctrine in reference to fraud undoubtedly is, that pending the .concealment of the fraud, and until its discovery, the operation of the statute is suspended, and is founded upon the idea, that the act of fraud is a continuing one until discovered. This doctrine, however, has no application to Courts of law; they are barred by the express provisions of the statute ; and the rule will be found to obtain, whether the action be founded on contract or tort.
Examples where this question has been adjudicated under both these forms of action, will be found in our own books; a reference to two of them will suffice; the first case is that of Miles vs. Berry, (1 Hill, 296;) the other is Clark vs. Reeder, (1 Spear, 398.) In the first mentioned case, the maker of a note had secretly and fraudulently obtained possession of it, and kept it until the statute had run out. The plaintiff on discovering the fraud, and that the defendant had possession of it, brought assumpsit as on a lost note, to recover the amount, and it was held, the statute was a bar to the action notwithstanding the fraud, and although the plaintiff did not know where the note was. O’Neall, J., in delivering the opinion of the Court, remarks, “ Unless the discovery of the fraud can be regarded as the plaintiff’s cause of action, it cannot have the effect of preventing the operation of the statute of limitations. For to allow it to have effect in any other point of view, would be to make and allow by judicial construction, an exception to the Statute of Limitations, which the Legislature did not think proper to make.”
In the last mentioned case, Clark vs. Reeder, the action was trover for the conversion of cotton.; the defendant pleaded the Statute of Limitations, to which the plaintiff replied, fraudulent conversion and concealment by the defendant, undiscovered by the "plaintiff until a time within four years before the commencement of the action; per Wardlaw, J., in delivering the opinion of the Court, “ the plaintiff not *395 being within one of the enumerated exceptions, the effect of the statute upon his case is ascertained by determining when his cause of action arose. Erom that moment the statute began to run, and no subsequent fraud could arrest it as to the cause of action before arisen, even if such fraud should be in itself a new cause of action, subject to a new operation of the statute.”
The same rule has been adopted by the Courts in most of the other States; likewise by the English Court, especially since the time of Lord Mansfield. But it is argued, that however the rule may be in relation to fraud, it can have no application to the case before us, because at the time that Sineath obtained possession of the slave, the latter was a runaway, and that no possession of a fugitive slave however long, can confer a title under the statute.
Whether the possession of a fugitive slave, by a party knowing such slave to be a fugitive during the statutory period, will or will not defeat the owner’s right, is a question upon which we express no opinion; and for the simple reason, that no such question is made by the proof. " Eor while it is conceded that the slave in question was a runaway, for. it is so stated in the circuit report, it must at the same time be conceded, that there was no proof, that Sineath knew him to be a runaway. On the contrary, the testimony discloses a condition of things from which a contrary inference may fairly be deduced, and one by no means inconsistent with entire good faith.
In looking then at the whole case as it has been presented to us, we are constrained to say that the verdict is wholly unsustained by the law, wherefore the motion for a new trial must be granted. And it is so ordered.
O’Neall, Wardlaw, Withers, Whitner, and Gloves, JJ., concurred.

Motion granted.